[Crim. No. 3115.   Third Dist.   Feb. 2, 1961.]

THE PEOPLE, Respondent, v. PAUL RALPH GROVES, Appellant.

Hill & Dalton and Charles V. Moore for Appellant.

Stanley Mosk, Attorney General, and John F. Foran, Deputy Attorney General, for Respondent.

PEEK, J.—By information filed by the district attorney of Humboldt County, defendant was charged with a violation of section 501 (now § 23101) of the Vehicle Code (felony drunk driving). At the conclusion of the trial the jury returned a verdict of guilty and judgment was accordingly entered. He now appeals from the judgment and from the denial of his motion for a new trial.

Disregarding all conflicts, the record shows that defendant and others had been intermittently drinking beer from approximately 4 o'clock in the afternoon of the accident until some time after 8 o'clock that evening, when they decided to drive to a dance. During the course of the ride additional beer was purchased and consumed. While attempting to negotiate a turn, posted for a maximum speed of 25 miles per hour, defendant's car skidded, crashed through a guardrail and into a tree, injuring all seven occupants of the car. Defendant's speed at the curve was estimated variously from 35 to 65 miles per hour. All of the parties were taken to a hospital where a doctor took a sample of defendant's blood and delivered it to a medical laboratory in Eureka. The result of this test showed that defendant's blood alcohol content was 1.6 milligrams per cubic centimeter. A pathologist, called by the prosecution,

testified that a person with that quantity of alcohol in his blood was under the influence thereof. He further testified the laboratory findings indicated a content of at least 1.8 milligrams per cubic centimeter, or more, at the time of the accident.

A deputy sheriff who arrived at the scene of the accident only a few moments after it occurred testified that defendant was on the driver's side of the car. A second officer who arrived some time later testified that defendant stated he had consumed some beer and he was "ashamed to admit that he was the driver" of the car. Later when interrogated by the same officer at the hospital defendant stated he did not know what had happened; that he had consumed three or four beers and had been driving 35 to 40 miles per hour.

■ Defendant's first contention is that the court erred in excusing a juror and substituting an alternate juror. The record in this regard shows that after a recess, the following occurred:

"THE COURT: Let the record show the Court has excused Mr. Coates from further jury duty and the alternate juror will be substituted in his place. . . .

"MR. HILL: Your Honor, I'd like to make a motion on behalf of the defendant outside the presence of the jury, if the Court please.

"THE COURT: Very well."

After the jury had been excused counsel for defendant addressed the court as follows:

"MR. HILL: Your Honor, my motion is for a mistrial. It's a motion that I make reluctantly, because it's a trial that is nearing its conclusion. However, my understanding that the reason for the removal of Mr. Coates from the jury is because he has been consuming alcoholic beverages, that is apparently —has apparently caused some concern to the other jurors. I myself was able to detect the odor of alcohol upon his person just before the Court reconvened following this recess. This case involving as it does a claimed violation concerning the use of alcoholic beverage, I feel that—that this gentleman being on the jury, being apparently repugnant to other members of the jury, apparently breathing alcoholic fumes upon them, could only act to the detriment of Mr. Groves in this case, in receiving from this jury a fair trial upon the evidence. I feel that the—that the ladies that have been seated around Mr. Coates must have most certainly been influenced in some degree by him. I feel that the trial cannot safely proceed with this

—with this present juror. I therefore move for a mistrial on behalf of defendant Groves.

"THE COURT: Your motion is denied."

Thereafter, and following the afternoon adjournment, counsel for the defendant and the prosecution approached the bench and spoke as follows:

"MR. HILL: Your Honor, the—your Honor, the record as it presently exists with regard to Mr. Coates, I do not believe reflects a finding that he was incapacitated because of his consumption of alcoholic beverages. I alluded to it in my motion, but I—I understand that's the basis for the Court—

"THE COURT: (Int'g) The Court did find that the juror had consumed intoxicating liquor to the extent that the Court felt he was no longer a suitable juror in the case, and the Court did order him taken into custody under a charge of contempt of Court and further proceedings will be taken.

"MR. HILL: Thank you, your Honor. That's the purpose."

From the quoted portion of the record it appears that the objection raised by counsel to the action of the trial court in dismissing Juror Coates raised two questions, both of which he reiterates on appeal: (1) the procedure followed by the court, and (2) the conduct and condition of Coates as a basis for the mistrial.

In support of the first portion of his contention, defendant argues that his "objection is not that the Court may not have had good grounds for the exclusion of juror Coates, but rather that he does not know whether the Court did or not." We cannot agree with this contention. Even assuming the court did not strictly follow the provisions of section 1089 of the Penal Code it cannot be said that defendant was prejudiced thereby. From the statements of defendant's counsel at the time of making his motion for a mistrial it is quite apparent that he had no doubt as to why the juror had been dismissed. In fact counsel, in his statement to the court, acknowledged that he had noted the conduct of the juror. While it would have been a better procedure for the court to have discussed the matter with counsel, we cannot say that under the facts and circumstances disclosed by the record the error was such as would warrant a reversal.

The second portion of defendant's contention in this regard is that the trial court erred in failing to declare a mistrial solely upon the basis of the conduct of Juror Coates. In support thereof defendant contends that since he was before the jury charged with an offense involving intoxication, the

action of the juror could do nothing but prejudice him in the minds of the other jurors, and hence, he was denied a fair trial. Were it not for the more than substantial evidence against defendant his contention might well have merit. The gist of the charge against him was the alleged driving of an automobile at an excessive rate of speed while under the influence of intoxicating liquor. Testimony relative to the physical facts existing at the scene of the accident, as well as the testimony of the officers, was ample to support the finding of excessive speed; defendant's own statement established that he had been drinking and was behind the wheel of the car at the time of the accident; and finally the laboratory tests, as amplified by the pathologist, conclusively established his intoxication. In view of such evidence it cannot be said that the trial court erred in denying his motion for a mistrial.

It is further contended by defendant that the court erred in giving a particular instruction to the jury on the burden of proof and in failing to give one offered by him. His argument in support of this contention is that the instruction given, as contrasted with the one offered by the defendant, fails to charge the jury that it must find the existence of all elements of the offense beyond a reasonable doubt.

The rule is too well established to warrant citation of authority that in determining whether a jury has been properly instructed as to the law the instructions must be taken as a whole with each instruction being considered in connection with all the others given. When, after so considering the entire charge, it appears that the jury was fully and fairly instructed on each material issue, an appellant cannot complain. Assuming that the instruction in question is open to the attack made by defendant, nevertheless such omission, if any, was cured by a correct and complete statement of the law in other instructions given by the court.

Defendant's final contention is that the trial court erred in permitting a pathologist called by the prosecution to define what he meant by his use of the phrase "under the influence" of alcohol. Defendant argues that to allow the expert to testify was to usurp the function of the jury. We find no merit in such contention. In *Lawrence v. City of Los Angeles*, 53 Cal.App.2d 6, 8 [127 P.2d 931], a similar situation was presented and a like contention was made. In holding that the trial court properly admitted a doctor's testimony the court said: "Opinions of qualified medical doctors as to whether an individual was intoxicated or not predicated upon

the percentage of alcohol in the individual's blood, though not conclusive, are admissible when there is a proper preliminary showing that the blood tests upon which such opinions have been predicated have been properly conducted [citing cases]."

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.